UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAJBAR LAJAWARD KHAN, | Case No. 4:25-cv-554 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| WARDEN, FCI ELKTON, | |
| Defendant. | |

## **OPINION AND ORDER**

Petitioner Lajbar Lajaward Khan seeks a writ of habeas corpus directing the Bureau of Prisons to restore his good-time credits and his credits under the First Step Act. Respondent moves to dismiss for lack of jurisdiction, arguing that Petitioner has received the credits at issue. According to Respondent, then, the Court lacks subject matter jurisdiction over the petition because it is moot. (*Id.*) For the reasons that follow the Court **GRANTS** Respondent's motion and **DISMISSES** the petition.

### BACKGROUND

In 2018 Lajbar Lajaward Khan was sentenced to a term of 180 months in prison. (ECF No. 1-5, PageID #27.) Later, at the end of 2018, Congress passed the First Step Act, which significantly altered the calculation of one's sentence. Under the First Step Act, eligible individuals earn time off their sentence through credit for good conduct time and First Step Act credits. Mr. Khan argues that the Federal Bureau of Prisons miscalculated his release date by not awarding him all these credits.

As an exhibit to his petition, Mr. Khan attaches sentencing monitoring computation data as of July 29, 2023, which shows 365 days of First Step Act credits 678 good-time credits earned and projected. (ECF Nos. 1-6, 1-7.) His projected release date is August 4, 2027, and he would be eligible for home detention on February 3, 2027. (ECF No. 1-6, PageID #28.) Also, Mr. Khan attached records from December 18, 2024 showing the applicable dates are about a year later. They show his home detention eligibility date as February 3, 2028 and his release date as August 3, 2028. (ECF No. 1-10, PageID #32.) These records mark the GED requirement as unsatisfied, so his release dates did not reflect application of credits under the First Step Act for good conduct time. (ECF No. 1-12, PageID #34.)

Mr. Khan claims that discrepancy results because his records indicated he declined to participate in a literacy program at the Bureau of Prisons. (ECF No.1-2, PageID #18.) But Mr. Khan insists he never refused to participate in the literacy program or any other educational program, rather he was never asked to participate in a literacy program and never informed of the consequences of not participating in his native language, Pashto. (*Id*.) Petitioner argues that the correct calculation of his out date includes 810 days of good-conduct time credit and 365 days of First Step Act credit. (*Id*.)

## ANALYSIS

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts

2

to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner appears *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

The Court can only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit," and "it is not enough that a dispute was very much alive when suit was filed." *Id.* at 477–78 (citations omitted). Therefore, a case is moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Where the requested relief is no longer forthcoming through litigation, the Court is unable to grant it. *Id.* Mootness implicates jurisdiction under Article III of the United States Constitution, so the Court lacks jurisdiction where the case before it is or becomes moot. *Id.* at 1289 n.5.

To determine whether Petitioner's claim is moot, the Court looks at whether events have occurred that render the Court unable to grant the relief Petitioner requests. Petitioner requests the Court to order the Bureau of Prisons to restore both good-time conduct and First Step Act credits. (ECF No. 1, PageID #8.) He claims that he should receive 810 days of credit for good-conduct time instead of 678 days

3

and that the Bureau of Prisons should restore 365 days of credit under the First Step Act. (ECF No. 1-2, PageID #18.)

In response, Respondent points out that Petitioner's argument is moot because the Bureau of Prisons properly recalculated Petitioner's release date since he completed his GED requirements. (ECF No. 3-1, PageID #54.) In support of this position, Respondent attaches the declaration of an attorney from the Bureau of Prisons and includes updated records for Mr. Kahn. (ECF No. 3-2.) On April 8, 2025, Petitioner's status was changed from GED unsatisfied, to GED satisfied because he reached 240 hours in the literacy program. (ECF No. 3-2, PageID # 65.) Accordingly, Petitioner's records with the Bureau of Prisons now show that he has earned 810 days of good-conduct time credit and 365 days of credits under the First Step Act, making him eligible for home detention on September 24, 2026 and giving him a projected release date of March 25, 2027. (*Id.*, PageID #62-63.)

Because Petitioner's records with the Bureau of Prisons now reflect 810 days of good-conduct time credit and 365 days of First Step Act credit, Petitioner has received the relief he sought. Accordingly, the Court is now moot.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion (ECF No. 3) and **DISMISSES** the petition.

**SO ORDERED.**

5

Dated:  June 24, 2025

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio